## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| DAVID THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC, <br><br> Defendant. | Civil Action No. 3:22-CV-100 |

## COMPLAINT

This action is brought by Plaintiff David Thompson against Defendant Midland Credit Management, Inc. ("Midland") based on the following:

## PARTIES

1. David Thompson is a natural person who, at all times relevant to this lawsuit was a citizen of and resided in Pearland, Brazoria County, Texas.

2. Midland is a for-profit corporation formed under the laws of the State of Kansas.

3. Midland maintains its principal place of business at 1350 Camino De La Reina, Suite 300, San Diego, California 92108.

4. Midland's registered agent in Texas is Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION & VENUE

5. The Court's subject matter jurisdiction of arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§ 1331 and 1337.

6. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district.

7. Defendant is subject to personal jurisdiction at the time this action is commenced because Midland transacts business in the state of Texas.

**FACTS**

8. Midland's business involves the purchase of defaulted consumer debts from third-parties and liquidating them.

9. After purchase, Midland undertakes to liquidate the debt by means of sending collection letters, making telephone calls, and filing lawsuits against consumers.

10. Midland is a business the principal purpose of which is the collection of defaulted consumer debts.

11. Midland has obtained and filed a copy of a $10,000 surety bond with the Texas Secretary of State, which is a precondition for engaging in third-party debt collection in Texas.

12. Midland sent, or caused to be sent, a letter dated May 8, 2020 to Mr. Thompson.

13. A true and correct copy of Midland's May 8, 2020 Letter is attached hereto as ***Exhibit A*** except the undersigned has redacted portions of it.

14. Midland's May 8, 2020 letter asked Mr. Thompson to pay a debt (the "Debt") allegedly owned by Midland.

15. The Debt related to a Capital One, N.A./Walmart credit card account with an account number ending in 0411 and a Midland account number of 304075542.

16. Mr. Thompson used the Capital One, N.A./Walmart credit card for personal, family, and household purposes.

17. Mr. Thompson has never incurred any financial obligations in connection with a business transaction or in connection with any transactions other than for personal, family, or household purposes.

18. Sometime prior to May 28, 2020, Mr. Thompson hired the law firm of Ciment Law Firm, PLLC (the "Ciment Law Firm") to represent him in connection with the Debt.

19. On May 28, 2020, the Ciment Law Firm sent a letter to Midland informing it, *inter alia*, that the firm represented Mr. Thompson with respect to the Debt and any future communications should be directed to the Ciment Law Firm.

20. A true and correct copy of the Ciment Law Firm's May 28, 2020 letter to Midland is attached hereto as ***Exhibit B*** except the undersigned has redacted portions of it.

21. The Ciment Law Firm's May 28, 2020 letter stated in large, bold, underscored letters: "**NOTICE OF LEGAL REPRESENTATION**."

22. The Ciment Law Firm's May 28, 2020 letter identified the Debt in detail: "Account Ending in 0411; Approximate Balance: $3,061.00 Original Creditor: Capital One Midland Acct No. 304075542."

23. The Ciment Law Firm sent the May 28, 2020 letter to Midland via facsimile to the number 877-232-9721. A true and correct copy of the sheet confirming the facsimile was sent is attached hereto as ***Exhibit C***.

24. The Ciment Law Firm had successfully sent letters to Midland on behalf of other consumers via facsimile to the 877-232-9721 number.

25. Midland ignored the Ciment Law Firm's May 28, 2020 letter. Midland sent letters dated June 10, 2020 and July 16, 2020 to Mr. Thompson at his home address to collect the Debt.

A true and correct copy of Midland's June 10, 2020 and July 16, 2020 letters are attached hereto as ***Exhibits D*** and ***E***.

26. Midland also ignored the Ciment Law Firm's letter by calling Mr. Thompson's cell phone.

27. Midland, for example, called one to three times a day in the first part of July 2020.

28. More than a year later, Midland was still calling Mr. Thompson's cell phone. For example, attached as ***Exhibit F*** are screen shots of Mr. Thompson's cell phone from the week of August 9, 2021.

29. Mr. Thompson retained the Ciment Law Firm in part to avoid receiving constant telephone calls from Midland.

30. Midland's constant telephone calls to Mr. Thompson's cell phone invaded his privacy and caused him deep annoyance and upset.

**CAUSE OF ACTION FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

31. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

32. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

33. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

34. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

35. Midland's telephone calls to Mr. Thompson such as those in ***Exhibit F*** are "communication(s)" as defined by 15 U.S.C. § 1692a(2).

36. Midland's chronic calls to Mr. Thompson's cell phone after receiving the Ciment Law Firm's "Notice of Legal Representation" letter violated the FDCPA in one or more following ways:

   (a) Communicating with a consumer when the debt collector knows the consumer is represented by an attorney with respect to a particular debt and has knowledge of, or can readily ascertain, such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2);

   (b) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. § 1692d(5);

   (c) Using unfair means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

**PRAYER FOR RELIEF**

37. WHEREFORE, Plaintiff seeks judgment against Defendant. Specifically, Plaintiff seeks entry of an order:

   (a) Awarding actual damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

   (b) Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. 1692k(a)(2);

   (c) Awarding attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(d) Awarding, to the extent the recovery of attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to plaintiff, a sum sufficient to ameliorate such consequences; and

(e) Ordering such other and further relief as may be just and proper.

## JURY DEMAND

38. Trial by jury is demanded on all issues so triable.

*s/ Daniel J. Ciment*
Daniel J. Ciment
Texas Bar No. 24042581
CIMENT LAW FIRM, PLLC
221 Bella Katy Dr.
Katy, Texas 77494
Telephone: (833)663-3289
Facsimile: (855)855-9830
Daniel@CimentLawFirm.com
*Attorney for Plaintiff David Thompson*